CATHERINE CORTEZ MASTO
Attorney General
KEVIN BENSON
Senior Deputy Attorney General
Nevada Bar No. 9970
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1114
Attorneys for Ross Miller, Secretary
of State and Michael J. Willden, Director
of the Department of Health and Human
Services

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATIONAL COUNCIL OF LA RAZA, LAS VEGAS BRANCH OF THE NAACP (BRANCH 1111), and RENO-SPARKS BRANCH OF THE NAACP (BRANCH 1112),

        Plaintiffs,

vs.

ROSS MILLER, in his official capacity as Secretary of State of the State of Nevada; and MICHAEL WILLDEN, in his official capacity as Director of the Department of Health & Human Services of the State of Nevada,

        Defendants.

CASE NO.   3:12-cv-00316-RCJ-VPC

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendant Ross Miller, Secretary of State, by and through counsel Catherine Cortez Masto, Attorney General, and Kevin Benson, Senior Deputy Attorney General, Answers Plaintiffs' Complaint (#1) as follows:

**JURISDICTION AND VENUE**

1.    Admit.

2.    Deny.

3.    Admit.

4.    Admit.

1      5.     Admit.

2      6.     Deny.

### INTRODUCTION

7.     The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

8.     The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

9.     Admit.

10.    Deny.

11.    Deny.

12.    Deny.

13.    Deny.

14.    Deny.

15.    Deny.

16.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

### PARTIES

17.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

18.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

19.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

20.    Admit.

21.    Deny that WIC is a public assistance agency under Nevada law, but admit that it does provide voter registration services. Admit the balance of the allegations.

////

////

## FACTUAL ALLEGATIONS

### National Voter Registration Act of 1993

22. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

23. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

24. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

25. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

26. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

27. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

28. Admit.

29. Admit.

### Nevada Voter Registration Statutes & Regulations

30. Admit.

31. Admit.

32. Admit.

33. Admit that the regulation so reads in part. As to the balance of the allegations, the regulations speak for themselves.

34. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

35. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

36. Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

37.     Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

38.     Admit that the statute so reads in part. As to the balance of the allegations, the statutes speak for themselves.

Failure to Offer Voter Registration Opportunities to Public Assistance Agency Clients

39.     Admit.

40.     Admit that the Secretary of State is the chief elections officer. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

41.     Deny that WIC is a public assistance program under Nevada law. Deny that it is exclusively operated through Health Division offices. Deny that Defendant Willden has general oversight for every office at which WIC services are provided. Deny that WIC is operated through every local office of the various divisions of DHHS. Admit the balance of the allegations.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Admit that Demos contacted the Secretary of State's office in 2008. Admit that the Secretary issued policies and guidance for voter registration in 2009 which included policies for training, designating NVRA coordinators, etc. Deny the balance of the allegations.

46.     The Secretary lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them. Deny that public assistance agencies regularly fail to offer voter registration.

47.     Admit that a letter dated May 10, 2012 was sent to the Secretary of State which stated, among other things, that Plaintiffs would commence litigation if Nevada did not produce a plan to remedy alleged violations of the NVRA within 20 days. Deny the balance of the allegations.

48.     Admit that the Secretary of State's office sought an extension of time to respond

1  to the May 10. 2012 letter.  Admit that Plaintiffs responded that they would agree to an

2  extension, but only upon certain conditions including but not limited to those stated in this

3  paragraph of the complaint.  Admit that the Secretary of State's office indicated on June 5,

4  2012 that it would not meet those conditions.  Deny that it was possible to meet those

5  conditions. Deny the balance of the allegations.

6  <u>Harm to NCLR's Voter Registration Efforts</u>

7      49.    The Secretary lacks knowledge or information sufficient to form a belief as to the

8  truth of these allegations, and on that basis denies them.

9      50.    The Secretary lacks knowledge or information sufficient to form a belief as to the

10  truth of these allegations, and on that basis denies them.

11      51.    Deny.

12  <u>Harm to Las Vegas NAACP's Voter Registration Efforts and its Members</u>

13      52.    The Secretary lacks knowledge or information sufficient to form a belief as to the

14  truth of these allegations, and on that basis denies them.

15      53.    The Secretary lacks knowledge or information sufficient to form a belief as to the

16  truth of these allegations, and on that basis denies them.

17      54.    Deny.

18  <u>Harm to Reno-Sparks NAACP's Voter Registration Efforts and its Members</u>

19      55.    The Secretary lacks knowledge or information sufficient to form a belief as to the

20  truth of these allegations, and on that basis denies them.

21      56.    The Secretary lacks knowledge or information sufficient to form a belief as to the

22  truth of these allegations, and on that basis denies them.

23      57.    Deny.

24  <u>Claims for Relief – Violation of Section 7 of the National Voter Registration Act of 1993</u>

25      58.    The Secretary repeats and incorporates all previous responses as if fully set

26  forth herein.

27      59.    Deny.

28      60.    Deny.

1    Any allegations in the Complaint that were not specifically answered above are hereby

2    denied.

3                                **AFFIRMATIVE DEFENSES**

4        1.    The Secretary is entitled to immunity as a matter of law;

5        2.    The Secretary's actions are not the cause in fact of any of Plaintiffs' alleged

6    deprivations;

7        3.    The Plaintiffs lack standing to sue;

8        4.    All possible affirmative defenses may not have been alleged pending the

9    development of sufficient facts after reasonable inquiry; the Secretary therefore reserves the

10   right to amend this Answer to allege additional affirmative defenses if warranted by

11   subsequent investigation.

12                                **PRAYER FOR RELIEF**

13       WHEREFORE, the Secretary of State prays that:

14       1.    Plaintiffs take nothing by way of their Complaint;

15       2.    The Court award Defendant his costs and attorneys fees;

16       3.    The Court award any other relief that it deems just.

17       DATED this 3rd day of July, 2012.

18                                              CATHERINE CORTEZ MASTO
                                                Attorney General
19

20                                       By:_____
                                              KEVIN BENSON
21                                            Senior Deputy Attorney General
                                              Bar No. 9970
22                                            Attorney General's Office
                                              100 North Carson Street
23                                            Carson City, Nevada 89701-4717
                                              Attorneys for Defendants
24                                            ROSS MILLER, Secretary of State
                                              and MICHAEL J. WILLDEN, Director
25                                            of the Department of Health and
                                              Human Services
26

27

28

1

## CERTIFICATE OF SERVICE

2      I declare that I am an employee of the State of Nevada and on this 3rd day of July,

3  2012, I served a copy of the foregoing Defendants' Answer to Complaint, by U.S. District

4  Court CM/ECF Electronic filing to:

5  W. Chris Wicker, Esq.
Woodburn and Wedge
6  Post Office Box 2311
Reno, Nevada 89511
7  Email: cwicker@woodburnandwedge.com

8

      I further declare that I am an employee of the State of Nevada and on this 3rd day of
9

July, 2012, I served a copy of the foregoing Defendants' Answer to Complaint, by mailing the
10

foregoing document via United States Postal Service to the following:
11

12  Anson Asaka
National Association for the Advancement of Colored People
13  NAACP National Office
4805 Mount Hope Drive
14  Baltimore, MD 21215

15  Sarah Brannon
Project Vote
16  1350 Eye Street, NW
Ste 1250
17  Washington DC, 20005

18

19  Jamie Halavais
Dechert LLP
20  1095 Avenue of the Americas
New York, NY 10036

21

22  Kim Keenan
National Association for the Advancement of Colored People,
23  NAACP National Office
4805 Mount Hope Drive
24  Baltimore, MD 21215

25  Bob Kengle
Lawyers' Committee for Civil Rights Under Law
26  1401 New York Avenue, NW
Ste 400
27  Washington DC, 20005

28

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

1  Alan Martinson
   Lawyers' Committee for Civil Rights Under Law
2  1401 New York Avenue NW
   Ste 400
3  Washington DC,  20005

4  David Rubino
   Demos
5  220 Fifth Avenue
6  2d Floor
   New York, NY 10001
7
8  Michelle Rupp
   Project Vote
9  1350 Eye Street, NW
   Ste 1250
10  Washington DC,  20005

11  Neil Steiner
    Dechert LLP
12  1095 Avenue of the Americas
13  New York, NY 10036

14

15                                        Employee of the State of Nevada
                                          Office of the Attorney General
16

17

18

19

20

21

22

23

24

25

26

27

28

Office of the