CATHERINE CORTEZ MASTO
Attorney General
KEVIN BENSON
Senior Deputy Attorney General
Nevada Bar No. 9970
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1114
Attorneys for Ross Miller, Secretary of State and Michael J. Willden, Director of the Department of Health and Human Services

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATIONAL COUNCIL OF LA RAZA, LAS VEGAS BRANCH OF THE NAACP (BRANCH 1111), and RENO-SPARKS BRANCH OF THE NAACP (BRANCH 1112),

Plaintiffs,

vs.

ROSS MILLER, in his official capacity as Secretary of State of the State of Nevada; and MICHAEL WILLDEN, in his official capacity as Director of the Department of Health & Human Services of the State of Nevada,

Defendants.

CASE NO. 3:12-cv-00316-RCJ-VPC

**DEFENDANTS' MOTION TO DISMISS**

Defendant Ross Miller, Secretary of State, and Michael Willden, Director of the Department of Health and Human Services, by and through counsel, Catherine Cortez Masto, Attorney General, and Kevin Benson, Senior Deputy Attorney General hereby moves to dismiss Plaintiffs' Complaint for failure to state a claim.

## I. FACTS

For the purposes of a motion to dismiss, the Court must accept the facts alleged in the Complaint (#1) as true. *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir.2010). Defendants are not hereby admitting the truth of these allegations.

1. Defendant Ross Miller is the duly elected Secretary of State of Nevada, and as such is the state's chief elections officer. Complaint ¶¶ 20, 32.

2. Defendant Michael Willden is the Director of the Department of Health and Human Services ("DHHS"). Complaint ¶ 21.

3. The National Voter Registration Act ("NVRA") requires, among other things, that states designate public assistance agencies as voter registration agencies, and that those agencies provide certain services such as: providing voter registration forms, assistance with filling out those forms, and transmitting the forms to the appropriate elections official. Complaint ¶¶ 23, 24.

4. The NVRA provides a private right of action for persons aggrieved by a state's failure to comply with the NVRA, and requires (in most cases) that the person give notice of the violation to the state's chief elections officer before instituting suit. Complaint ¶ 29.

5. Plaintiffs allege that Nevada has violated the NVRA by failing to provide voter registration forms and assistance with filling out those forms to all applicants for public assistance. Complaint ¶ 42.

6. A November 2010 Census Bureau Current Population Survey indicates that in Nevada, 47.6% of eligible citizens were registered to vote in households earning less than $25,000, while 72.4% of eligible citizens were registered in households earning more than $100,000. Complaint ¶ 43.

7. Nevada's reports to the Election Assistance Committee ("EAC") show that in the 2009-2010 reporting period, Nevada public assistance agencies received only 1,677 voter registration forms, a substantial decrease from prior reporting periods. Complaint ¶ 44.

8. The organization Demos contacted the Secretary of State's Office in 2008 about voter registration issues, and in response the Secretary issued a document in early 2009 discussing policy and procedures for complying with the NVRA. Complaint ¶ 45.

9. In December 2011, interviews with public assistance clients and state workers were conducted at nine Division of Welfare and Supportive Services ("DWSS") offices and certain Women, Infants, and Children ("WIC") offices. These interviews indicated that not

every single public assistance client was being provided with voter registration materials or assistance in completing the forms at those offices. Complaint ¶ 46.

10. On May 10, 2012, a letter was sent by Demos on behalf of Plaintiffs to the Secretary of State's Office. Complaint ¶ 47. A copy of the letter is attached to the Complaint as "Exhibit A."

11. The letter states that Nevada is not in compliance with Section 7 of the NVRA (42 U.S.C. § 1973gg-5), which requires public assistance agencies to provide certain voter registration materials and assistance. The letter further states: "the results of ***our most recent field investigations conducted in December 2011*** make clear that Nevada's public assistance offices still have not achieved compliance with their obligations under the NVRA." (Emphasis added.) Exhibit A to Complaint, p. 1.

12. The letter also states that it is intended to serve as the notice required pursuant to 42 U.S.C. § 1973gg-9(b), and that, if their demands are not met, Plaintiffs intend to file suit "at the conclusion of the statutory 20-day waiting period." Exhibit A to Complaint, p. 3.

13. The Plaintiffs commenced this lawsuit on June 11, 2012. Complaint (#1).

14. The Complaint contains a single cause of action for violation of Section 7 of the NVRA. Complaint, p. 21. It seeks a mandatory injunction to require Defendants to comply with the NVRA, a court-approved plan for compliance, which would include monitoring and reporting requirements, and that the court retain jurisdiction over the plan. Complaint, pp. 21-23. It also requests attorneys' fees. Complaint, p. 23.

## II. <u>POINTS AND AUTHORITIES</u>

### A. <u>Standard for Dismissal.</u>

On a motion to dismiss for failure to state a claim, the court must take all factual allegations in the complaint as true. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The court must also draw all reasonable inferences in favor of the non-moving party. *Id.* However, dismissal is proper if it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

////

Office of the Attorney General
100 N. Carson St.
Carson City, NV 89701-4717

To bring an action in federal court, a plaintiff must have standing under Article III of the U.S. Constitution. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). If a plaintiff lacks of Article III standing, the case is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(1) because lack of constitutional standing deprives the federal courts of subject matter jurisdiction. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). To bring an action under a federal statute, a plaintiff must have not only Article III standing, but also statutory standing as well. *Id.* Lack of statutory standing will result in the case being dismissed for failure to state a claim pursuant to Rule 12(b)(6). *Id.*

B. <u>The Complaint fails to state a claim because Plaintiffs did not comply with NVRA's notice provisions and therefore lacks statutory standing.</u>

The NVRA provides for a private cause of action, but also generally requires that notice be given before a lawsuit is instituted. The statute provides in relevant part:

> (b) Private right of action.
>
> (1) A person who is aggrieved by a violation of this subchapter may provide written notice of the violation to the chief election official of the State involved.
>
> (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.
>
> (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

42 U.S.C. § 1973gg-9(b).

The purpose of the notice provisions is to give the state an opportunity to cure any alleged violations before facing litigation. *Association of Community Organizations for Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997). The notice provisions are mandatory. *Broyles v. Texas*, 618 F.Supp.2d 661, 691-92 (S.D.Tex. 2009) (*aff'd* 381 Fed.Appx. 370 (5th Cir. 2010)). Failure to give the required notice deprives a plaintiff of standing. *Georgia State Conference of N.A.A.C.P. v. Kemp*, ___ F.Supp.2d ___, 2012 WL 265925 at *12 (N.D.Ga.

2012). Accordingly, dismissal is required for failure to comply with the notice requirement. *Id.*; *Broyles*, 618 F.Supp.2d at 692.

If the violation occurs within 120 days of an election for Federal office, the state has 20 days to cure the violation from the receipt of the notice. 42 U.S.C. § 1973gg-9(b)(2). If the violation occurs more than 120 days from an election for Federal office, the state has 90 days to cure the violation. *Id.* For private lawsuits, the only exception to the notice provision is if the violation occurred within 30 days before an election for Federal office. *Id.* at 692; 42 U.S.C. § 1973gg-9(b)(3).

In this case, Plaintiffs sent a letter dated May 10, 2012 to the Secretary of State. The letter states that Plaintiffs' "***most recent*** field investigations ***conducted in December 2011***" revealed alleged violations of the NVRA. Exhibit A to Complaint, p. 1 (emphasis added). Similarly, the Complaint alleges that "interviews" conducted in December 2011 showed that not all public assistance clients were given voter registration materials or assistance. Complaint ¶ 46. The Complaint cites statistics from the Census Bureau and the EAC, but each of these dates to 2010 and earlier. Complaint ¶¶ 43, 44. Nothing in the letter or the Complaint identifies any violation that occurred later than December 2011. In fact, the notice affirmatively states that the Plaintiffs' "most recent" investigations occurred in December 2011.

Nevada's primary election was held on June 12, 2012, and that election included primary races for federal office. For purposes of the NVRA, the term "election" also includes "a convention or caucus of a political party which has authority to nominate a candidate." 42 U.S.C. § 1973gg-1(1); 2 U.S.C. § 431(1). Nevada's Republican caucus was held on February 4, 2012. Nevada Democratic caucus was held on January 21, 2012.

Thus the alleged violations in this case occurred within 120 of the caucuses, but more than 120 days before the primary election on June 12, 2012. However, Plaintiffs' notice letter, dated May 10, 2012, was sent months *after* the caucuses took place.

The NVRA, 42 U.S.C. § 1973gg-9(b)(2), provides in relevant part: "If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if *the violation* occurred within 120 days before the date of an election for

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

Federal office, the aggrieved person may bring a civil action…" (emphasis added).

At least with regard to the primary election, since the alleged violation occurred more than 120 days before an election for Federal office, the Defendants were therefore entitled to a statutory period of 90 days from the date of receiving the notice to cure the alleged violations. 42 U.S.C. § 1973gg-9(b)(2).

Taking the allegations of the Complaint as true, the alleged violations occurred within 120 days of the caucuses, which ordinarily would permit the Defendants only 20 days to cure the violation. *Id.* Or, if the alleged violation occurred within 30 days of an "election," then no notice at all is required before bringing suit. 42 U.S.C. § 1973gg-9(b)(3). Clearly, the purpose of these provisions is to twofold: (1) to give Defendants a fair opportunity to cure any alleged violations *before* an up-coming election; and, (2) if the violation occurs very shortly *before* an election, allow aggrieved persons to sue relief so they that they can be registered in time. *See Miller*, 129 F.3d at 838.

With regard to the caucuses, the May 10, 2012 letter does not comply with the notice requirements of the NVRA because it was sent *after* the caucuses occurred. Obviously, a notice sent after the election in question has already occurred does not serve either purpose behind the statute. Therefore the May 10, 2012 letter only serves as proper notice under 42 U.S.C. § 1973gg-9(b) for purposes of the June 12, 2012 primary. Since none of the alleged violations occurred within 120 of the June 12, 2012 primary, Defendants are entitled to the statutory period of 90 days to cure the alleged violations. 42 U.S.C. § 1973gg-9(b)(2).

If Plaintiffs had given prompt notice in December 2011, the Defendants could have taken any necessary steps to cure the alleged violations ahead of the caucuses, and well ahead of the June 12, 2012 primary. Instead, Plaintiffs inexplicably waited more than five months after learning of the alleged violations to provide notice to the Secretary.

As the court explained in *Kemp,* the Plaintiffs lack standing under the NVRA unless and until the 90 days has run and the violation remains uncured. ___ F.Supp.2d at ___, 2012 WL 265925 at *12. The purpose of the notice is to provide the state an opportunity to correct any alleged violations before facing litigation. *Miller*, 129 F.3d at 838. This promotes prompt

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

compliance, and also avoids unnecessarily invoking judicial intervention.

In this case, the Complaint requests substantial involvement from this Court, including retaining jurisdiction over a court-approved plan for compliance that would require on-going monitoring and reporting requirements. Complaint, pp. 22-23. The Defendants take their NVRA duties seriously, and intend to correct any deficiencies. But they have not been afforded the statutorily-required opportunity to do so. If Defendants had been afforded the time to cure as required by statute, this Court's intervention would not be necessary at all.

For these reasons, other courts facing this issue have held that failure to comply with the NVRA's notice requirements deprives Plaintiffs of statutory standing and dismissal is therefore required. *Kemp*, ___ F.Supp.2d at ___, 2012 WL 265925 at *12; *Broyles*, 618 F.Supp.2d at 692. Likewise, this Court should dismiss the present action. Plaintiffs have no standing unless and until any alleged violations remain uncured after 90 days from receipt of the May 10, 2012 notice.

## CONCLUSION

The notice requirements of 42 U.S.C. § 1973gg-9(b)(2) are mandatory. The only NVRA violations alleged in this case and in the May 10, 2012 notice letter occurred in December 2011, more than 120 days before the June 12, 2012 primary. The alleged violations occurred within 120 days before the caucuses, but the May 10, 2012 notice letter is ineffective notice under 42 U.S.C. § 1973gg-9(b)(2) because it was sent *after* the caucuses took place. The May 10, 2012 letter is only effective relative to the June 12, 2012 primary. Defendants are therefore entitled to a 90-day period to cure the alleged violations of the NVRA, which runs from the date of receiving the notice. The Plaintiffs' notice letter is dated May 10, 2012. Since fewer than 90 days has elapsed since Defendants received that letter, Plaintiffs lack standing under the NVRA.

////

////

////

////

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

Defendants therefore respectfully request that this Court DISMISS the Plaintiffs' Complaint in its entirety.

DATED this 3rd day of July, 2012.

CATHERINE CORTEZ MASTO
Attorney General

By: [signature]
KEVIN BENSON
Senior Deputy Attorney General
Bar No. 9970
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
Attorneys for Defendants
ROSS MILLER, Secretary of State
and MICHAEL J. WILLDEN

**CERTIFICATE OF SERVICE**

I declare that I am an employee of the State of Nevada and on this 3rd day of July, 2012, I served a copy of the foregoing Defendants' Motion to Dismiss, by U.S. District Court CM/ECF Electronic filing to:

W. Chris Wicker, Esq.
Woodburn and Wedge
Post Office Box 2311
Reno, Nevada 89511
Email: cwicker@woodburnandwedge.com

I further declare that I am an employee of the State of Nevada and on this 3rd day of July, 2012, I served a copy of the foregoing Defendants' Motion to Dismiss, by mailing the foregoing document via United States Postal Service to the following:

Anson Asaka
National Association for the Advancement of Colored People
NAACP National Office
4805 Mount Hope Drive
Baltimore, MD 21215

Sarah Brannon
Project Vote
1350 Eye Street, NW
Ste 1250
Washington DC, 20005

Jamie Halavais
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

Kim Keenan
National Association for the Advancement of Colored People,
NAACP National Office
4805 Mount Hope Drive
Baltimore, MD 21215

Bob Kengle
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW
Ste 400
Washington DC, 20005

Alan Martinson
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue NW
Ste 400
Washington DC, 20005

David Rubino
Demos
220 Fifth Avenue
2d Floor
New York, NY 10001

Michelle Rupp
Project Vote
1350 Eye Street, NW
Ste 1250
Washington DC, 20005

Neil Steiner
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

Employee of the State of Nevada
Office of the Attorney General